**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT STEWART,

     Plaintiff-Appellant,

v.

CITY AND COUNTY OF DENVER,
DAVID MICHAUD, Chief; OFFICER
JOSEPH RODARTE; OFFICER
STEVEN ADDISON, and FOUR
UNNAMED OFFICERS,

     Defendants-Appellees.

No. 99-1103

(D.C. No. 97-Z-2527)
(D. Colo.)

**ORDER AND JUDGMENT** [*]

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BROWN,** Senior District
Judge. [**]

     Plaintiff Robert Stewart appeals the district court's entry of summary

judgment in favor of defendant City and County of Denver (the City) on

Stewart's claim of a City custom and practice of racially discriminatory stops by

---

[*]  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]  The Honorable Wesley E. Brown, Senior United States District Judge
for the District of Kansas, sitting by designation.

police officers. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's decision.

I.

Stewart, an African-American male, was stopped by police officers on December 2, 1996, in the Five Points area of Denver, Colorado. The officers contended one of the headlights on Stewart's car was not working, but Stewart claimed the headlights were working. Stewart was eventually arrested on an outstanding warrant unrelated to the stop. Stewart contends he was stopped only because he is an African-American.

Stewart filed a complaint against, *inter alia*, the City. Stewart claimed violation of and conspiracy to violate his equal protection rights through racial discrimination, violation of his Fourth Amendment rights to be free from unlawful searches and seizures, and violation of his Fifth Amendment due process rights. He also asserted state law tort claims of assault and battery, false arrest, false imprisonment, malicious prosecution and abuse of process, intimidation, and outrage. The City filed a motion for summary judgment, asserting, *inter alia*, that Stewart could not prove the existence of a discriminatory policy or custom. The district court granted summary judgment in favor of the City

Stewart filed a motion for reconsideration or, alternatively, Rule 54(b)

2

certification. The district court denied the motion for reconsideration, but granted Stewart Rule 54(b) certification to appeal the dismissal of his claims against the City. Stewart appeals the district court's conclusion that he failed to present sufficient evidence to create a genuine issue of material fact regarding the existence of a discriminatory custom or practice on the part of the City.

## II.

We review the district court's grant of summary judgment de novo. C-470 Joint Venture v. Trizec Colorado, Inc., 176 F.3d 1289, 1291 (10th Cir. 1999). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). If the record shows no genuine issue of material fact was in dispute, we determine whether the district court correctly applied the substantive law, viewing the facts and reasonable inferences drawn therefrom in the light most favorable to the party opposing the motion. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir.1998) (quoting Applied Genetics Int'l, Inc. v. First Affiliated Sec. Inc., 912 F.2d 1238, 1241 (10th Cir. 1990)). In cases "'where the non moving party will bear the burden of proof at trial on a dispositive issue' that party must 'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing

3

sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

Stewart brought this action under 42 U.S.C. § 1983, which creates civil liability for "[e]very person who . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Stewart alleged he was subjected to a traffic stop solely because of his race. The City is liable only if the City itself caused the constitutional violation at issue. City of Canton v. Harris, 489 U.S. 378, 385 (1989) (noting that "[r]espondeat superior or vicarious liability will not attach under § 1983"). "'It is only when the "execution of the government's policy or custom . . . inflicts the injury" that the municipality may be held liable under § 1983.'" Id. (quotation omitted).

Stewart does not assert the City had a discriminatory policy, but alleges that evidence of police officers stopping African-Americans in the Five Points area showed the existence of a discriminatory custom. Stewart must prove three elements to establish his claim against the City based on a discriminatory custom. First, he must show "[t]he existence of a continuing, persistent and widespread practice of unconstitutional misconduct by the [City's] employees." Gates v. Unified Sch. Dist. No. 449, 996 F.2d 1035, 1041 (10th Cir. 1993). Second, he

4

must prove there was "[d]eliberate indifference to or tacit approval of such misconduct by the [City's] policymaking officials . . . after notice to the officials of that particular misconduct." Id. Third, Stewart must establish "[t]hat [he] was injured by virtue of the unconstitutional acts pursuant to the [City's] custom and that the custom was the moving force behind the unconstitutional acts." Id.

The district court found that "there is no showing of a policy to treat African-Americans differently than those who are not. And we have affidavits that this is not a policy of the city . . . and . . . with the lack of showing as to policy . . . there cannot be the claim against the city." Aplt. App. at 331-32. In denying Stewart's motion for reconsideration, the district court stated that "[a] custom or practice by Denver police officers to discriminate will not be inferred from vague testimony that traffic stops in a specific neighborhood appear to be racially motivated. . . . [P]laintiff must make a specific showing beyond vague conclusions of individual citizens." Id. at 319.

We agree with the district court that Stewart failed to come forward with sufficient evidence to establish a discriminatory custom by the City. In particular, Stewart failed to present sufficient evidence regarding the first requirement of a discriminatory custom–the existence of a continuing, persistent, and widespread practice of unconstitutional conduct by the City's employees. Stewart stated he had seen a number of African-Americans stopped outside his

5

business over an eight-month period and he theorized they were stopped only because of their race. However, Stewart did not talk to any of the individuals involved in the stops and did not personally know anyone who was stopped by police during this time. Peggy Wortham, an administrative assistant in the Denver mayor's office, initially testified that the mayor's office received "a lot of complaints that African-American males are stopped a lot in that area." Aplt. App. at 132. Wortham later retracted this statement, saying she had "no knowledge of any such complaints being made by African American males to the Mayor's office alleging that they were stopped in the Five Points area by police officers for no cause." Aplt. App. at 245. Willie Watts, who witnessed the stop, testified that he knew of instances in Five Points in which he believed "that officers at times overstepped their boundaries." Aplt. App. at 317. Watts also stated that his son had been stopped by officers for a minor violation.

The City produced the only racial discrimination complaints made by African-Americans during 1996 and 1997 against Denver police officers in District 6. None involved allegations of pretextual stops. Stewart contends "there was evidence to suggest that the City was so unconcerned about complaints by citizens in Five Points that it did not bother to document them." Aplt. Br. at 17. However, Stewart presented no evidence of complaints being filed concerning similar incidents. Taking all factual contentions and inferences

6

drawn therefrom in the light most favorable to Stewart, we conclude that Stewart failed to present sufficient evidence to support his claims of a discriminatory custom by the City. See Lewis v. City of Fort Collins, 903 F.2d 752, 759 (10th Cir. 1990) (stating that "the burden placed upon the nonmoving party at the summary judgment stage to demonstrate a genuine issue of fact goes beyond the burden of producing 'some evidence'"). The district court did not err in dismissing Stewart's claims against the City.

Stewart also sought to introduce the testimony of Jon Bowman, who would testify about his experience of being stopped by police officers in and near Five Points, and Reverend Gill Ford, who would testify about instances of racial bias by the Denver police department. The district court granted the City's motion in limine to exclude the testimony of these witnesses. Stewart does not argue that the district court erred in granting the motion in limine until his reply brief. Aplt. Reply Br. at 5. An issue raised for the first time in a reply brief is not preserved and will not be considered by the court. See State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (stating that appellant waived a point by failing to raise it in his opening brief).

III.

The judgment of the district court dismissing Stewart's claims against the City is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge